# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, | No. CV-20-08237-PCT-DLR |
| Plaintiff, | **JUDGMENT** |
| v. | |
| Park View School Incorporated, et al., | |
| Defendants. | |

The Court has reviewed the parties' Consent of Debra Kay Slagle to Entry of Final Judgment of Permanent Injunction and Other Relief. (Doc. 4.) For good cause shown,

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant, Debra Kay Slagle, having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII.); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from participating in an offering of municipal securities, as defined in Section 3(a)(29) of the Exchange Act, including engaging in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any municipal security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling municipal securities for her own personal account.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall pay a civil penalty in the amount of $30,000.00 to the Commission pursuant to Section 21(d)(3)(B)(ii) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)(ii)]. Defendant shall make this payment pursuant to the payment schedule set forth in paragraph V below after the entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the

//

Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Debra Kay Slagle as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall pay the total penalty due of $30,000, plus post-judgment interest, in six installments to the Commission according to the following schedule:  (i) $5,000 within 10 days of entry of this Final Judgment; (ii) $5,000 within 70 days of entry of this Final Judgment; (iii) $5,000 within 140 days of entry of this Final Judgment; (iv) $5,000 within 210 days of entry of this Final Judgment; (v) $5,000 within 280 days of entry of this Final Judgment; and (vi) the remaining balance within 360 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Debra Kay Slagle shall contact the staff of the Commission for the amount due for the final payment.  If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus

1  any payments made, shall become due and payable immediately at the discretion of the
2  staff of the Commission without further application to the Court.

3  VII.

4  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent
5  is incorporated herein with the same force and effect as if fully set forth herein, and that
6  Defendant shall comply with all of the undertakings and agreements set forth therein.

7  VIII.

8  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, solely for
9  purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11
10 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and
11 further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts
12 due by Defendant under this Final Judgment or any other judgment, order, consent order,
13 decree or settlement agreement entered in connection with this proceeding, is a debt for the
14 violation by Defendant of the federal securities laws or any regulation or order issued under
15 such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.
16 §523(a)(19).

17 IX.

18 **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court
19 shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final
20 Judgment.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this 15th day of September, 2020.

_____
Douglas L. Rayes
United States District Judge